IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBBIN CROMER-TYLER, M.D., | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:01-cv-1077-MEF |
| | ) | |
| EDWARD R. TEITEL, M.D., P.C., *et al.,* | ) | WO |
| | ) | |
| DEFENDANTS. | ) | |

## MEMORANDUM OPINION AND ORDER

This action is before the Court on two motions: Defendant Edward R. Teitel, M.D., P.C.'s Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. # 9) and Defendants' Supplemental Motion to Dismiss (Doc. # 18).  Plaintiff opposes both motions.  The action itself is brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132.

### JURISDICTION AND VENUE

Although the Complaint itself is devoid of any allegations specifically setting forth the basis for this Court's subject matter jurisdiction over the action, the parties have not disputed that this Court has subject matter jurisdiction over this case.  At a minimum, this Court finds that it has subject matter over this action pursuant to 28 U.S.C. §§ 1331 because the claims arise under a federal statute.  Additionally, Defendants have not argued that the Court does not have personal jurisdiction over each of them.  Although the Complaint is devoid of allegations relating to the appropriateness of venue in this district, there is no

dispute before the Court over whether venue is appropriate.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff alleges that she is a participant/beneficiary in the Edward R. Teitel, M.D., P.C. Profit Sharing Plan and Trust and the Edward R. Teitel, M.D. P.C. Money Purchase Pension Plan (collectively "the Plans"). Plaintiff alleges that Edward R. Teitel, M.D., P.C., was her former employer and that Edward R. Teitel M.D. (hereinafter "Dr. Teitel") was the Administrator for the Plans. Plaintiff alleges that she was employed by Edward R. Teitel, M.D., P.C. for nearly three years and that during that time she participated in or was a beneficiary in the Plans.

After the termination of her employment, she alleges she occasionally received statements showing her account balance in the Plans. In June and July of 1998, Plaintiff alleges she sought, but did not receive, additional information regarding her options concerning the disposition of her account balances in the Plans. In September of 1998, Dr. Teitel sent Plaintiff a notice indicating that she had no vested account balance in the Plans and was not entitled to any distribution from them. Plaintiff alleges that sometime in 1998, Dr. Teitel terminated the Plans. In 2000, Plaintiff's attorney wrote to Dr. Teitel and informed him that based on the termination of the Plans Plaintiff was 100% in her account balances. Plaintiff's attorney requested that Dr. Teitel take the necessary steps to forward any required distribution form so that Plaintiff could make the proper elections for the distribution of her account. The letter to Dr. Teitel was returned to sender. A later letter to Dr. Teitel at another

address did not generate a response from Dr. Teitel or his counsel.

Plaintiff filed this lawsuit on September 10, 2001.  Defendants moved to dismiss. While their initial motion to dismiss was later withdrawn, this action is presently pending before this Court on two motions to dismiss.

## STANDARD OF REVIEW

A Rule 12(b)(6) motion, such as the one before presently this Court, tests the legal sufficiency of the complaint.  A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations. *See Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984); *see also South Fla. Water Mgmt. Dist. v. Montalvo,* 84 F.3d 402, 406 (11th Cir. 1996) (A motion to dismiss must be denied "unless it is clear the plaintiff can prove no set of facts in support of the claims in the complaint." ); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) (citation omitted) ("[W]e may not ... [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief."). In applying this standard, the Court will accept as true all well-pleaded factual allegations and the reasonable inferences to be drawn from those allegations and view those facts and inferences in a light most favorable to the non-moving party.  *See Hishon,* 467 U.S. at 73.

## DISCUSSION

Defendants contend that Plaintiffs action is subject to a two-year statute of limitations and that her claims are barred because she did not file suit within two years of her claims

accruing.  Plaintiff counters that the claims are not barred by the applicable statute of limitations, which she argues is six years.  Defendants abandoned of their statute of limitations argument in their reply brief and in their supplemental motion to dismiss.  The Court is satisfied that the applicable law provides that the statute of limitations in this case is six years, as Plaintiff argues.  Accordingly, Plaintiffs' claims are not barred by the statute of limitations and are not due to be dismissed for that reason.

Defendants purport to move to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) and to contend that Plaintiff's Complaint fails to state a claim for which relief can be granted.  Such motions to dismiss are appropriately directed to the pleadings and not based on documents outside the pleadings.  Accordingly, Defendants' reliance on evidentiary submissions to argue that the factual predicate for Plaintiff's allegations does not exist are not procedurally proper at this stage in the proceedings.  Indeed, the Court has reviewed and considered all the arguments raised by Defendants in support of their motions to dismiss and is satisfied that they are not well-taken.

Therefore, it is hereby ORDERED as follows:

(1) Defendant Edward R. Teitel, M.D., P.C.'s Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. # 9) is DENIED.

(2) Defendants' Supplemental Motion to Dismiss (Doc. # 18) is DENIED.

(3) Defendants are DIRECTED to file their Answers no later than **June 17, 2005**.

(4)  The parties are hereby reminded of the obligation, imposed by Rule 26(f) of the

Federal Rules of Civil Procedure, to confer and to develop a proposed discovery plan. **Pursuant to Federal Rule of Civil Procedure 26(f), a Report of Parties Planning Meeting containing the discovery plan shall be filed as soon as practicable but not later than thirty days after the date of entry of this Memorandum Opinion and Order.** The longstanding practice in this district is that dispositive motions shall be filed no later than 90 days prior to the pretrial date. If the parties seek to vary from that schedule, they should present, in the plan, specific case related reasons for the requested variance. This case will be set for trial before the undersigned judge during one of that judge's regularly scheduled civil trial terms. The pretrial date is normally set within four to six weeks of a scheduled trial term. The dates of each judge's civil trial terms are available on the Court's website located at http://almd.uscourts.gov in the civil case information section. This Court may or may not hold a scheduling conference before issuing a scheduling order. If the Court holds a scheduling conference, counsel may participate in the scheduling conference by conference call. The scheduling order entered by the Court will follow the form of the Uniform Scheduling Order adopted by the judges of this court. The Uniform Scheduling Order is also available on the Court's website. The Report of the Parties' Planning Meeting should comply with Form 35 of the Appendix of Forms to the Federal Rules of Civil Procedure.

DONE this the 7th day of June, 2005.

_____/s/ Mark E. Fuller_____
CHIEF UNITED STATES DISTRICT JUDGE