IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBBIN CROMER-TYLER, M.D., | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:01-cv-1077-MEF |
| | ) | |
| EDWARD R. TEITEL, M.D., P.C., *et al.*, | ) | (WO-Not Recommended for Publication) |
| | ) | |
| DEFENDANTS. | ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This is an action by an employee against her former employer for failure to provide certain information about plans established pursuant to the Employee Retirement Income Security Act ("ERISA"), failure to provide certain benefits from ERISA plans, and bad faith. This cause is now before the court on Defendants' Motion for Summary Judgment and Memorandum Brief in Support of Summary Judgment (Doc. # 32). The court has carefully considered all submissions in support of and in opposition to this motion and finds that it is DENIED in part and GRANTED in part for the reasons set forth in this Memorandum Opinion and Order.

### II. JURISDICTION

The court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. §1132(e)(1) (ERISA). The parties do not contest personal

jurisdiction or venue, and the court finds sufficient factual basis for each.

## III.  STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "An issue of fact is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party.   An issue is 'material' if it might affect the outcome of the case under the governing law." *Redwing Carriers, Inc. v. Saraland Apartments,* 94 F.3d 1489, 1496 (11th Cir. 1996) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323.  The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party

to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  *Id.* at 324.  To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  On the other hand, a court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255.  After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c).

## IV.  PROCEDURAL HISTORY

On September 10, 2001, Plaintiff filed suit pursuant to ERISA.  Plaintiff alleged that she is a participant/beneficiary in the Edward R. Teitel, M.D., P.C. Profit Sharing Plan and Trust and the Edward R. Teitel, M.D. P.C. Money Purchase Pension Plan (collectively "the Plans").   Plaintiff alleged that Edward R. Teitel, M.D., P.C. (hereinafter "Teitel's Professional Corporation"), was her former employer and that Edward R. Teitel M.D. (hereinafter "Dr. Teitel") was the Administrator for the Plans.  Plaintiff alleged that she was employed by Teitel's Professional Corporation for nearly three years and that during that time she participated in or was a beneficiary in the Plans.  Plaintiff's suit was brought against

Dr. Teitel, individually and as Administrator for the Plans, and Teitel's Professional Corporation, as her former employer.

After the termination of her employment, Plaintiff alleged she occasionally received statements showing her account balance in the Plans.  In June and July of 1998, Plaintiff alleged she sought, but did not receive, additional information regarding her options concerning the disposition of her account balances in the Plans.  In September of 1998, Dr. Teitel sent Plaintiff a notice indicating that she had no vested account balance in the Plans and was not entitled to any distribution from them.  Plaintiff alleged that sometime in 1998, Dr. Teitel terminated the Plans.  In 2000, Plaintiff's attorney wrote to Dr. Teitel and informed him that based on the termination of the Plans Plaintiff was 100% vested in her account balances.  Plaintiff's attorney requested that Dr. Teitel take the necessary steps to forward any required distribution form so that Plaintiff could make the proper elections for the distribution of her account.  The letter to Dr. Teitel was returned to sender.  A later letter to Dr. Teitel at another address did not generate a response from Dr. Teitel or his counsel.

Plaintiff's first count is brought pursuant to 29 U.S.C. § 1132(a)(1)(A).  Plaintiff alleges that due to Dr. Teitel's failure, as Plan Administrator, to comply with her request for information to which she claims she was entitled.  Plaintiff seeks the requested information. Additionally, she seeks penalties pursuant to 29 U.S.C. § 1132(c) in the amount of $100 per day since the information was requested.  Finally, she seeks attorneys' fees and costs.

Plaintiff's second count is brought pursuant to 29 U.S.C. § 1132(a)(1)(B) and seeks

an award of the benefits due to her under the terms of the Plans.  She asks for distribution of her portion of the Plans.  Additionally, she seeks attorneys' fees and costs.

Plaintiff's third and final count seeks damages, including punitive damages for the alleged breach of fiduciary duty by Defendants by their bad faith failure to provide a distribution of her account balance in the Plans, their failure to provide information and documents required by ERISA, and their failure to respond to her inquiries concerning the Plans.

Defendants filed a motion to dismiss and a supplemental motion to dismiss.  Plaintiff opposed these motions.  The court denied the motions.  Defendants filed the instant motion for summary judgment.

## V. FACTS

The Court has carefully considered all deposition excerpts and documents submitted in support of and in opposition to the motion.  The submissions of the parties, viewed in the light most favorable to the non-moving party, establish the following facts:

From November 15, 1994 until August 8, 1997, Teitel's Professional Corporation employed Plaintiff as a physician.  During this period, Plaintiff worked well in excess of 1,000 hours per year in 1995, 1996 and 1997.  According to Dr. Teitel's affidavit, he terminated Plaintiff's employment in August of 1997.  Plaintiff has not disputed this fact. It is undisputed that Dr. Teitel closed Teitel's Professional Corporation toward the end of 1997.

Following the termination of her employment with Teitel's Professional Corporation, Plaintiff began receiving statements from Olde Discount Corporation showing that she was a participant in two retirement plans maintained by Teitel's Professional Corporation. The first statements Plaintiff received showed that, as of September of 1997, she had an account balance in the Edward R. Teitel, M.D., P.C. P/S Plan in the amount of $22,500.00 and an account balance in the Edward R. Teitel, M.D., P.C. M/P plan in the amount of $7,500. At the time she signed an affidavit in opposition to the Defendants' motion for summary judgment in April of 2006, Plaintiff was continuing to receive statements showing that she is a participant in these plans. As of December 31, 2005, these statements showed that Plaintiff's account balance in these two plans totaled more than $37,000.

On June 23, 1998, one of Plaintiff's attorneys, Joe Adams (hereinafter "Adams"), contacted Olde Discount Corporation to request information regarding Plaintiff's options as a participant in the Edward R. Teitel, M.D., P.C. P/S Plan and to request distribution forms. The letter makes no reference to the Edward R. Teitel, M.D., P.C. M/P plan. As of July 27, 1998, Adams had no response from Olde Discount Corporation. Consequently, on July 27, 1998, Adams wrote a follow-up request for information. In a letter dated August 10, 1998 and received on August 14, 1998, Olde Discount Corporation responded to Adams by referring Adams' query to Dr. Teitel, who was in charge of the Plans.

On September 10, 1998, Teitel notified Plaintiff that as of the termination of her service with Teitel's Professional Corporation, she had "no vested account balance in either

the Edward R. Teitel, M.D., P.C. Money Profit Sharing Plan or the Edward R. Teitel, M.D.,

P.C. Money Purchase Pension Plan (collectively, the "Plans") and therefore, [was] entitled

to no distributions from the Plans."   Sometime in September of 1998, Dr. Teitel partially

terminated the Plans.

On September 28, 1998, Adams wrote to Dr. Teitel about the Edward R. Teitel, M.D.,

P.C. Money Profit Sharing Plan *and* the Edward R. Teitel, M.D., P.C. Money Purchase

Pension Plan.   Adams made it plain that he represented Plaintiff and that his query was in

response to Dr. Teitel's September 10, 1998 letter to Plaintiff saying she was not vested in

the Plans.   Adams requested Dr. Teitel to "provide a copy of any agreement executed by

[Plaintiff] which sets forth the Plan requirements and vesting information" and a copy of the

"approval of these plans by the Internal Revenue Service as the same relates to vested

benefits."   In November of 1998, Plaintiff's attorney received a copy of a standardized

prototype profit sharing plan, along with an Adoption Agreement for the Edward R. Teitel,

M.D., P.C. Money Profit Sharing Plan.  Dr. Teitel provided no information about the Edward

R. Teitel, M.D., P.C. Money Purchase Pension Plan in November of 1998.[1]   Indeed, it is

undisputed that Plaintiff did not receive documents relating to the  Edward R. Teitel, M.D.,

P.C. Money Purchase Pension Plan until after filing this lawsuit.

In July of 2000, another of Plaintiff's attorneys, Eric Powers (hereinafter "Powers")

---

[1]  While Defendants argue that key provisions of these plans are identical, no party has
provided the court with copies of the plan documents for either plan.

wrote to Dr. Teitel and explained that based upon his review of the documents relating to the Edward R. Teitel, M.D., P.C. Money Profit Sharing Plan, it was his view that Plaintiff was 100% vested in the Edward R. Teitel, M.D., P.C. Money Profit Sharing Plan.  Powers requested that Dr. Teitel "take the necessary steps to forward any required distribution forms so that [Plaintiff] may make proper elections for the distribution of her account."  Neither Plaintiff, nor any of her attorneys have been provided with the forms requested by Powers in the July of 2000 letter.  Plaintiff filed suit in September of 2001.

## VI.  DISCUSSION

### A.  Exhaustion of Administrative Remedies

Defendants argue that because Plaintiff did not avail herself of the appeals processes in the Plans before filing suit her claims are barred.  Exhaustion of internal remedies is a well-established prerequisite that must be met before a plaintiff can file a suit under ERISA.  While this requirement is not explicitly set forth in the statute itself, it is clear from binding precedent that ordinarily, an ERISA plan participant must exhaust available administrative procedures prior to filing suit in federal court.  *See, e.g., Perrino v. Southern Bell Tel. & Tel. Co.,* 209 F.3d 1309, 1315 (11th Cir. 2000);  *Curry v. Contract Fabricators Inc. Profit Sharing Plan,* 891 F.2d 842, 846 (11th Cir. 1990).  "The Eleventh Circuit, moreover, has taken the position that the exhaustion doctrine is not limited to claims for benefits under a particular plan, but also applies to claims arising from the substantive provisions of the statute itself-including, it would seem, claims based on the defendant's breach of an ERISA-

imposed fiduciary duty." *Spivey v. Southern Co.,* 427 F. Supp. 2d 1144, 1148 (M.D. Ala. 2006) (collecting cases).

In light of the foregoing authorities, the court is persuaded that Plaintiff was required to exhaust her administrative remedies prior to filing this suit. It is undisputed that Plaintiff failed to exhaust her administrative remedies. Accordingly absent her ability to prove that she is legally excused from exhausting her administrative remedies prior to filing this suit, her claims are barred.

Given that the exhaustion requirement is a judicially created doctrine, it is not surprising that the courts have seen fit to carve out exceptions to this requirement. District courts have discretion to excuse the exhaustion requirement when resort to administrative remedies would be futile or the remedy inadequate. *See, e.g., Counts v. American Gen. Life & Accident Ins. Co.,* 111 F.3d 105, 108 (11th Cir. 1997); *Curry,* 891 F.2d at 846. Additionally, where a defendant controls the plan's administrative review procedures and exercises that control to deny a plaintiff meaningful access to those procedures, administrative exhaustion is not required. *See, Curry,* 891 F.2d at 84647. Given the factual record in this case, the court cannot find that Plaintiff was excused from exhausting her administrative remedies prior to suit because to do so would have been futile. With respect to Plaintiff's claims relating to the Edward R. Teitel, M.D., P.C. Profit Sharing Plan, the court finds that her failure to exhaust her administrative remedies after receiving the Plan

documents in November of 1998 does bar her claims.[2]  On the other hands, Plaintiff's claims relating to the Edward R. Teitel, M.D., P.C. Money Purchase Pension Plan, about which Defendants failed to provide any meaningful information, including information about the administrative review, are viable and are not barred by her failure to exhaust her administrative remedies.

Accordingly, Defendants' Motion for Summary Judgment is due to be GRANTED to the extent that it seeks summary judgment on Plaintiff's claims relating to the Edward R. Teitel, M.D., P.C. Profit Sharing Plan.  because she failed to exhaust her administrative remedies prior to suit as required and because this exhaustion is not excused by any of the judicially created exceptions to the administrative exhaustion requirement.  On the other hand, Defendants' Motion for Summary Judgment is due to be DENIED to the extent that it seeks summary judgment on Plaintiff's claims relating to the Edward R. Teitel, M.D., P.C. Money Purchase Pension Plan because Defendants denied Plaintiff meaningful access to the administrative review procedures and other information about that plan thereby excusing her from her obligation to exhaust administrative remedies prior to bringing suit.

Of course, this finding creates a different problem whether to require Plaintiff to now exhaust her administrative remedies prior to proceeding with this suit.  In *Curry*, the district court excused the exhaustion requirement and allowed the plaintiff to proceed with his case.

---

[2]  Plaintiff admits that in November of 1998, her attorney received a standardized prototype profit sharing plan, along with an Adoption Agreement for the Edward R. Teitel, M.D., P.C. Profit Sharing Plan.

*Curry*, 891 F.2d at 846.  The claims asserted in *Curry* were solely for violations of provisions of ERISA and ERISA regulations, not a review of a denial of benefits, so the district court could proceed in the absence of any indication as to what the basis of the plan administrator's decision was.  In this case, however, the court must also address a claim to benefits under the plan.  To review a denial of benefits decision, however, the court must have a decision before it.  While Defendants denied benefits to Plaintiff, they did so without her ever having filed a proper claim or without Plaintiff having had any meaningful opportunity to pursue an appeal of the denial of her "claim."  For this reason, the evidentiary record creates an insufficient basis for this court to review the denial.  In order to resolve this case, the court concludes that it must exercise its discretion to excuse the exhaustion requirement to date, but to remand the case to the plan administrator so that Plaintiff can be allowed to pursue an out-of-time appeal of the denial of benefits under the Edward R. Teitel, M.D., P.C. Money Purchase Pension Plan.  After a determination is made by the plan administrator of Plaintiff's appeal, Plaintiff can re-open this case and challenge that determination should she find it necessary to do so.

**B.  Proper Defendants**

Defendants argue, for a variety of reasons, that some of the named defendants are not proper defendants to this action.  The court has reviewed these contentions and finds neither the factual or legal predicate for granting summary judgment to any of the defendants on this basis.  Defendants have not established that they cannot be liable for any of the relief

Plaintiff seeks as a matter of law or that the undisputed facts make a claim against them impossible.  Accordingly, to the extent that Defendants' Motion for Summary Judgment is based on an argument that a named defendant is not a proper defendant, the motion is due to be DENIED.

## C.  Stature of Limitations

On June 7, 2005, this court denied Defendants' Motion to Dismiss.  In so ruling, the court rejected Defendants' contention that the applicable statute of limitations for this case is two years and held that the correct statute of limitations for these claims is actually six years.  As part of their Motion for Summary Judgment, Defendants ask the court to reconsider its ruling.  The court remains convinced that the applicable statute of limitations for this case is six years.  Accordingly, to the extent that Defendants' Motion for Summary Judgment is based on an argument that the claims are barred by a two-year statute of limitations, the motion is due to be DENIED.

## D.  Applicability of Extra-Contractual Damages

Defendants contend that the claims in Count 1 and Count 3 for extra-contractual damages are not proper.  In support of this contention, they invoke *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134 (1985).  In response, Plaintiff contends that Defendants' arguments fails to appreciate that she is entitled to the following: statutory penalties pursuant to 29 U.S.C. § 1132(c)(1)(B); attorney's fees pursuant to 29 U.S.C. § 1132(g); and restitution, equitable liens, and constructive trusts pursuant to 29 U.S.C. § 1132(a)(3).  The

court has reviewed *Massachusetts Mut. Life Ins. Co. v. Russell* and finds nothing in it which would eliminate Plaintiff's ability to seek the extra-contractual damages claimed in this case pursuant to the statute.  Accordingly, to the extent that Defendants' Motion for Summary Judgment is based on an argument that Plaintiff may not recover extra-contractual damages, the motion is due to be DENIED.

## E.  Standing

Although not raised as a grounds for summary judgment in the Defendants' Motion and Memorandum Brief, Defendants contends in their reply that Plaintiff lacks standing to bring this lawsuit because she failed to file a claim or appeal her benefits under the Plans. The court is satisfied that Plaintiff has standing to bring this suit.   Accordingly to the extent that Defendants' Motion for Summary Judgment is based on an argument that Plaintiff lacks standing, the motion is due to be DENIED.

## VII.  CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

(1) The Defendants' Motion for Summary Judgment and Memorandum Brief in Support of Summary Judgment (Doc. # 32) is DENIED in part and GRANTED in part.

(2) Should Plaintiff wish to pursue an appeal of the denial of her claim to the fund in the  Edward R. Teitel, M.D., P.C. Money Purchase Pension Plan, she must pursue that appeal within sixty (60) days of the date of this Order.   The plan administrator shall make a determination on this appeal within one hundred and twenty (120) days of the date of this

Order.

(3)   The Clerk of the Court further is directed to close this matter for statistical purposes, however, the Plaintiff shall have the right to seek to reopen this case within thirty days (30) following the final determination by the plan administrator.

(4)   The parties are hereby ORDERED to file a jointly prepared report on the status of this case.  The first such report shall be filed on **October 3, 2006**, and the parties shall thereafter file a jointly prepared report **on the first Tuesday of every month** until such time as the parties jointly stipulate that this action can be dismissed.  The jointly prepared report shall indicate the status of the administrative appeal.  If the parties resolve this matter, they are directly to promptly advise the court and to file a joint stipulation of dismissal.

(5) The September 5, 2006 pretrial and the October 2, 2006 trial setting are hereby CANCELLED.

DONE this the 14th day of August, 2006.


_____
       /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE