IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBBIN CROMER-TYLER, M.D., | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CASE NO. 1:01-cv-1077-MEF |
| | ) |
| | ) (WO - Not Recommended for publication) |
| EDWARD R. TEITEL, M.D., P.C., *et al.*, | ) |
| | ) |
| DEFENDANTS. | ) |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Defendants' [sic][1] Motion for Attorney's Fees (Doc. # 95). While this motion sets forth the legal basis for the attorney fee award it seeks, it fails to include appropriate documentation of the amount sought.[2] Additionally, to the extent that

---

[1] At the time this motion was filed, the sole remaining defendant to this action was Edward R. Teitel, M.D. The other defendant Edward R. Teitel, M.D., P.C. was dismissed during trial.

[2] A fee applicant bears the burden of establishing his entitlement to the fee award requested and of documenting the appropriate hours and hourly rates. Thus, any motion for an award of attorneys' fees must be supported by affidavits establishing the reasonableness of the hourly rate requested and the nature of the time incurred. These submissions should include specific and detailed evidence from which the Court can determine the reasonableness of the time spent on different parts of the lawsuit which set out with sufficient particularity the general subject matter of the time expenditures so that the court can assess the time claimed for each activity. Defendant has provided no affidavit establishing the reasonableness of the hourly rate claimed. Moreover, Defendant has provided no itemized accounting of time spent. Instead, Defendant simply states in the motion the total number of hours that he claims attorneys spent on the matter as a whole. The evidentiary basis for the motion is wholly deficient.

the amount sought includes any award of fees for time spent by Edward R. Teitel, who is both a defendant to this action and an attorney who represented himself and the other defendants for most of the life of this case, it is not proper. *See, e.g., Kay v. Ehrler*, 499 U.S. 432 (1991) (holding that a *pro se* litigant may not recover attorney's fees even if the litigant is a licensed attorney); *Chaganti v. Ceridian Benefits Servs., Inc.*, No. 04-17476, 2006 WL 3431753 at *4 (9th Cir. Nov. 15, 2006) (affirming trial court's decision to apply the holding of *Kay v. Ehrler* to a request for attorney's fees under 29 U.S.C. § 1132(g)(1). Finally, Defendant has failed to persuade the Court that under the applicable legal standard for fee awards pursuant to 29 U.S.C. § 1132(g), *see Iron Workers Local #272 v. Bowen,* 624 F.2d 1255, 1266 (11th Cir. 1980), they are entitled to any fee award. For these reasons, Defendants' [sic] Motion for Attorney's Fees (Doc. # 95) is DENIED.

DONE this the 11th day of September, 2007.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE