IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBBIN CROMER-TYLER, M.D., | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:01-cv-1077-MEF-SRW |
| | ) | |
| EDWARD R. TEITEL, M.D., P.C., *et al.*, | ) | (WO- Recommended for Publication) |
| | ) | |
| DEFENDANTS. | ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the Plaintiff's Petition for Award of Attorney's Fee (Doc. # 94). During a two-day bench trial, Plaintiff Robbin Cromer-Tyler, M.D. ("Plaintiff") presented various claims pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, *et seq.*, and prevailed on those claims.[1] By the instant petition, as supplemented, she seeks to recover $80,030 in attorney's fees and costs from Defendant Edward R. Teitel, M.D. ("Dr. Teitel")[2] pursuant to 29 U.S.C. § 1132(g). Dr. Teitel opposes the award of any attorney's fees or costs to Plaintiff pursuant to § 1132(g). For the reasons set forth in this Memorandum Opinion and Order, Plaintiff's petition is due to be GRANTED in part and DENIED in part.

---

[1] While Plaintiff prevailed on all claims she tried, she did not succeed on all claims she brought in the action. At the summary judgment stage, some of her claims were defeated.

[2] Dr. Teitel is the sole remaining defendant to this action.

**DISCUSSION**

**A. Appropriateness of Awarding Attorney's Fees and Costs to Plaintiff**

Plaintiff is correct in her assertion that attorney's fees and costs are recoverable under ERISA. In fact, ERISA allows for a court to exercise its discretion and award reasonable attorney's fees and costs to either party. *See* 29 U.S.C. § 1132(g)(1). There is "no presumption in favor of granting attorney's fees to a prevailing claimant in an ERISA action." *Wright v. Hanna Steel Corp.*, 270 F.3d 1336, 1344 (11th Cir. 2001). In order to determine whether to award attorney's fees the Court must consider the following factors:

> (1) the degree of the opposing parties' culpability or bad faith;
> (2) the ability of the opposing parties to satisfy an award of attorney's fees;
> (3) whether an award of attorney's fees against the opposing parties would deter other persons acting under similar circumstances;
> (4) whether the party requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and
> (5) the relative merits of the parties' positions.

*Id.* at 1344-45 (citations omitted). No one of these factors is "necessarily decisive, and some may not be apropos in a give case, but together they are a nuclei of concerns that a court should address.... In particular types of cases, or in any individual case, however, other considerations may be relevant as well." *Id*. at 1345. A district court may, in its discretion, consider only those factors it deems important. *See Florence Nightingale Nursing Serv. v. Blue Cross/Blue Shield*, 41 F.3d 1476, 1485 (11th Cir. 1995).

Applying these five factors to this case, the Court finds an award of attorney's fees

to Plaintiff is appropriate.³ The first factor, Dr. Teitel's degree of bad faith or culpability, favors an award of attorney's fees. During trial, this Court heard ample evidence regarding Teitel's culpability. In this Court's view, Dr. Teitel's conduct warrants the additional sanction of an award of attorney's fees and costs. With the regard to the second factor, the Court heard evidence at trial which established that Dr. Teitel is able to satisfy an award of attorney's fees. The third factor favors an award of attorney's fees to Plaintiff because an award of attorney's fees would be a deterrent to others. In this Court's view, it is appropriate to deter other ERISA fiduciaries from acting with the kind of disregard for the obligations imposed by ERISA and the terms of the plan and for the interests of plan participants and

---

³ As previously noted, Dr. Teitel opposes Plaintiff's petition for an award of attorney's fees and costs. Citing *Andrews v. Employees' Retirement Plan of First Ala. Bancshares, Inc.*, 938 F.2d 1245 (11th Cir. 1991), he argues that the five relevant factors militate against such an award. The Court does not agree. In fact, the Court finds Dr. Teitel's attempt to analogize to *Andrews* is absurd. *Andrews* involved the reversal of an attorney fee award to a ERISA beneficiary against an innocent stakeholder. The innocent stakeholder in *Andrews* paid the plan proceeds into the Court and acknowledged that one of the two rival claimants was entitled to them. By recognizing its obligations under the plan, the stakeholder acted appropriately and should not have been responsible for the prevailing claimant's fees. Unlike the stakeholder in *Andrews*, Dr. Teitel spent years disputing any obligations to Plaintiff under the Plan. Indeed, whether through total ignorance of his fiduciary obligations under the Plan and the Plan's terms or greed, Dr. Teitel acted for his personal benefit. The credible evidence indicates that Dr. Teitel put the money in the Plan only because he believed that he would benefit financially from doing so and would later be able to recapture the funds deposited for Plaintiff's benefit. Dr. Teitel later tried to have his own attorney's fees from defending this litigation paid out of the funds on deposit in Plaintiff's name. Only after years of litigation did Dr. Teitel finally concede that he had been incorrect all along and Plaintiff was in fact vested in the funds in her name in the Plan, but even then he refused to release the sums to her unless she signed a general release of all claims against him. Such conduct bears no resemblance to that in *Andrews*.

beneficiaries that Dr. Teitel exhibited. The fourth factor does not support an award of attorney's fees in Plaintiff's favor. Finally, with regard to the relative merits of each party's position, the Court has ruled that Dr. Teitel's actions violated ERISA and finds that Plaintiff's position with respect to the claims on which she prevailed had merit. The Court further finds that throughout this litigation, Dr. Teitel has advanced positions that lack legal merit. Balancing these five factors, the Court finds that an award of attorney's fees and costs to Plaintiff is appropriate in this case.

Having determined that Plaintiff is entitled to recover attorney's fees and costs, the Court must now determine the amounts to be awarded. The Court notes that Dr. Teitel has only raised arguments in opposition to Plaintiff's fee position that address the issue of whether or not to award attorney's fees and costs in Plaintiff in this action. It is a general challenge. He has failed to raise *any* specific objections directed to the attorney's fees and costs set forth in the Petition. He has not objected to the reasonableness of the billable hourly rates requested. He has not objected to the number of hours requested. He has not objected to any of the items of litigation expenses sought. Despite Dr. Teitel's failure to object, the Court has carefully reviewed Plaintiff's request to ascertain whether they are reasonable and appropriate under the applicable law.

## B. Amount of Attorney's Fees

Having determined that an award of attorney's fees is appropriate, the Court now must determine the amount of a reasonable award. In order to make that determination, the Court

must apply the "lodestar approach" and calculate the number of hours reasonably expended to prosecute the lawsuit and the reasonable hourly rate for work performed by similarly situated attorneys in the community. *Dillard v. City of Greensboro*, 213 F.3d 1347, 1353 (11th Cir. 2000); *Norman v. Housing Auth. of Montgomery,* 836 F.3d 1292, 1299 (11th Cir. 1988). The Court may make any adjustments to the lodestar calculations for other considerations not factored into the lodestar amount. *Id.* The fee applicant bears the burden of "establishing entitlement and documenting the appropriate hours and hourly rates." *Id.* at 1303. To satisfy this burden, the fee applicant is required to submit to the court: (1) specific and detailed evidence from which it can determine the reasonable hourly rate for the community and (2) records evidencing time spent on different claims and setting out with sufficient particularity the general subject matter of the time expenditures so that the court can assess the time claimed for each activity. *ACLU of Ga. v. Barnes,* 168 F.3d 423, 427 (11th Cir. 1999).

After calculating the lodestar fee, the Court next analyzes whether any portion of this fee should be adjusted upwards or downwards. *See, e.g., Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565-66 (1986). Twelve factors guide the court as it makes this determination. *See, e.g., Blanchard v. Bergeron,* 489 U.S. 87, 91-92 (1989); *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974).[4]

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.*

### 1. Reasonable Hourly Rates

This Court must determine whether the hourly rate Plaintiffs seek is reasonable.

> A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. It should also be noted that in line with the goal of obtaining objectivity, satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony given that a fee is reasonable is therefore unsatisfactory evidence of market rate.

*Norman,* 836 F.3d at 1299 (internal citations omitted). Such evidence can be submitted in the form of affidavits from counsel who have performed this type of work. *Id.* at 1298. Moreover, the evidence should address actual fees charged and paid in similar circumstances,

and conclusory opinion testimony that a certain rate is reasonable is unsatisfactory. *Id.* The weight to be given to the evidence may be affected by the detail provided in support of the evidence and the experience of the expert called upon to provide information about market rates in the relevant legal community. *Id.* The relevant legal community is the place where the case is filed, here Montgomery, Alabama. *Cullens v. Georgia Dep't of Transp.,* 29 F.3d 1489, 1494 (11th Cir. 1994).

Some of the *Johnson* factors have utility in establishing the reasonable hourly rate. *Id.* The *Johnson* factors most obviously relevant to the determination the reasonable hourly rate are: customary fee; skills required to perform the legal services properly; experience, reputation, and ability of attorneys; time limitations; preclusion of other employment; undesirability of the case; nature and length of professional relationship with the clients; fixed or contingent fee arrangement; and awards in similar cases.

Before addressing what evidence Plaintiff has presented to sustain her burden of establishing the reasonableness of the hourly rates her counsel have charged, the Court notes that despite opposing Plaintiff's request for attorney's fees and costs on a variety of grounds, Dr. Teitel never argues that the rates are not reasonable. As the party opposing a fee application, Dr. Teitel does have an obligation to make whatever specific objections he had to the fee application. *See, e.g., ACLU,* 168 F.3d at 428.

In support of her request for attorney's fees, Plaintiff has provided an affidavit from her counsel and from another attorney in Montgomery, Alabama familiar with litigation in

7

general and ERISA litigation in particular. These affidavits satisfy Plaintiff's burden of demonstrating that the hourly rates requested for lead counsel and other attorneys and support staff who worked on the case are in fact reasonable. Indeed, this Court's own experience with prevailing hourly rates in this area also lead it to find that the hourly rates charged Plaintiff are reasonable, customary, and appropriate. During the lengthy course of this case, the billable hourly rates for Plaintiff's attorneys have increased somewhat, but the Court finds that even the highest of those rates are reasonable.[5] Thus, when computing the lodestar amount for this case, the Court will use the rates set forth in the petition up to $240 per hour.

**2. Reasonable Hours**

Having determined the reasonable hourly rates for the legal services provided in this case, the Court now must address the number of hours reasonably expended on the matter. Dr. Teitel has not challenged the reasonableness any of the hours Plaintiff's counsel have claimed they reasonably expended on this matter.

A court analyzing the hours claimed as reasonably expended on a matter in circumstances may make adjustments to the hours claimed by a fee applicant. *Norman,* 836

---

[5] Plaintiff's primary attorney on this matter during this litigation was C. Clay Torbert, III. His hourly rate was $160 per hour when the litigation started. In February of 2003, it increased to $175 per hour. In June of 2003, it increased to $190 per hour. In May of 2005, it increased to $220 per hour. In February of 2007, it increased to $230 per hour. Two partners specializing in tax law were consulted briefly. Their rates were $240 per hour and $220 per hour. At various points, three litigation associates worked on the matter. Their rates ranged between $130 per hour and $160 per hour. Paralegals and law clerks also worked on the file at various points and their time was billed at standard customary rates of between $65 and $85 per hour.

F.3d at 201-02. A fee applicant should exercise "billing judgment," that is, the applicant should "exclude from his fee applications 'excessive, redundant, or otherwise unnecessary [hours],' which are hours 'that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel.'" *ACLU,* 168 F.3d at 428. In addition to exercising this billing judgment, a fee applicant may submit evidence from other practitioners on the issue of whether activities for which the fee applicant seeks recompense are necessary to the litigation. *Norman,* 836 F.2d at 201. It is not helpful for a fee applicant to rely on generalized statements that time spent was reasonable. *Id.* "When reviewing an application for attorney's fees, the court may appropriately consider whether the work performed was legal work in the strict sense or was merely clerical work that happened to be performed by a lawyer." *Miller,* 117 F. Supp. 2d at 1261 (internal citations and quotations omitted.) The Court may deduct time entries for clerical work performed by attorney as excessive. *Id.*

In assessing the reasonableness of the time expended, the Court notes that Plaintiff's counsel took careful and well-reasoned steps to hold costs down in the litigation matter to the extent that it was possible to do so. He employed law clerks, paralegals, and associates where possible to complete tasks rather than performing the tasks himself which would have increased expenses. He discounted charges incurred to offset any possible redundancy or inefficiency. He took as few depositions as possible. In short, Plaintiff's counsel exercised good billing judgment. Consequently, the Court is satisfied that the total number of hours

set forth in the petition is reasonable for the tasks completed in connection with the litigation. This determination, however, does not end this Court's analysis of the reasonableness of the hours claimed.

In assessing the reasonableness of the hours claimed by Plaintiff's counsel, the Court must also consider the amount of effort expended and the overall success achieved. In so doing the Court considers three of the twelve *Johnson* factors: time and labor required, novelty and difficulty of the case, and the amount involved and the result obtained. The first two of these favor a finding that the total amount should be awarded as reasonable. The time and labor required in this case was significant as the claims were ultimately presented in a trial after Plaintiff had to respond to several potentially dispositive motions. Moreover, ERISA is a complex specialty within the law which often presents difficult legal questions.

The final sub-factor, the amount involved and the result obtained, present a more mixed picture of Plaintiff's success. The total amount of ERISA benefits the Plaintiff will recover is not that large.[6] On the other hand, due to the award of significant civil penalties,[7] the total recovery by Plaintiff in this case will be substantial. Finally, because Plaintiff did not recover on all the claims included in the Complaint, some reduction of fees is appropriate. The Supreme Court has held that "[w]here the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the

---

[6] The precise amount of funds in the Plan is not known to the Court. As of March of 2006, the sum was just over $9,500.

[7] Civil penalties in the amount of $179,960.00 have been award to Plaintiff.

unsuccessful claim should be excluded in considering the amount of a reasonable fee." *Hensley,* 461 U.S. at 440. *Accord, Norman*, 836 F.2d at 1302 ("in determining the reasonable hours the district court must deduct time spent on discrete and unsuccessful claims."); *Popham v. City of Kennesaw*, 820 F.2d 1570 (11th Cir. 1987) (if claims on which the civil rights plaintiff did not prevail and claims on which he did prevail were distinctly different and based on different facts and legal theories, then no fee can be awarded on the claims on which he did not prevail).

In this case the legal issues and work relating to claims on which Plaintiff was successful and those on which she was not were inextricably intertwined. Accordingly, an across the board percentage reduction acknowledging Plaintiff's lack of success on one of her two claims is the only feasible way to arrive at a reasonable number of hours for which Plaintiff may recover attorney's fees. Having carefully considered the time and labor required, novelty and difficulty of the case, and the amount involved and the result obtained, the Court allow Plaintiff to recover 75% of the hours documented in the fee petition, as supplemented.

When the reasonable hourly rates charged in this case are applied to the total hours spent on the matter, the amount of money attributable to time spent by attorneys and legal staff[8] on this matter is $74,237.55. Consistent with its analysis above under the applicable

---

[8] *Missouri v. Jenkins,* 491 U.S. 274 (1989) and its progeny authorize the award for work performed by non-attorneys such as law clerks and paralegals. *Accord, Trustees of the Constr. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.,* 460 F.3d 1253 (9th

legal standards, the Court will reduce the amount awarded to Plaintiff in this matter by 25% to $55,678.16. Having addressed the amount to be award for billable time, the Court will now address the portion of the fee petition seeking an award for Plaintiff's litigation expenses.

### 3. Other Items That May Be Awarded as Attorney's Fees under ERISA

Pursuant to 29 U.S.C. § 1132(g),[9] Plaintiff also seeks to recover $5,793[10] for the litigation expenses resulting from this action. The itemization of these expenses Plaintiff has submitted breaks down these expenses into several categories: filing fees, photocopying charges, long distance telephone charges, facsimile transmission charges, charges for courier services, postage, charges associate with attorney travel related to the case, charges for computer-assisted research, expenses associated with certain meals, Federal Express charges, court reporting charges for deposition transcripts, and charges for electronic scanning.

Plaintiff claims that she is entitled to recover certain expenses incurred as part of her attorney's fee award. The phrase "reasonable attorney's fees" in 28 U.S.C. § 1132(g)(2)(D) has been interpreted to include not only billable time, but also additional expenses not

---

Cir. 2006).

[9] This provision may also be referred to as ERISA section 502(g)(1).

[10] The Court's review of the submitted documentation indicates that the sum is actually $5,793.97. Plaintiff is apparently rounding down. The Court further notes that while Plaintiff has submitted a supplemental affidavit seeking certain attorney's fees incurred post-trial, Plaintiff has not sought any litigation related expenses for that period. The Court assumes that Plaintiff had some expenses during that time frame, but is electing not to seek them.

otherwise recoverable as costs under 28 U.S.C. § 1920 so long as it is the prevailing practice in the community to bill such expenses separately. *See, e.g., Trustees of the Constr. Indus. & Laborers Health & Welfare Trust v. Redland Ins.* Co., 460 F.3d 1253, 1255-59 (9th Cir. 2006) (reasonable charges for computerized research and other expenses such as postage, photocopies, courier services, facsimile charges, long distance telephone charges, and court reporter services may be recovered as "attorney's fees" under § 1132(g)(2)(D) so long as the expenses are reasonable and such expenses are customarily billed separately). Plaintiff's counsel's affidavit satisfactorily establishes that the litigation expenses that she seeks to recover are those which are normally charged by Plaintiff's counsel to its clients and that it is the prevailing practice in the community for such expenses to be billed to clients. Accordingly, the Court will include in the attorney's fee award in this case the litigation expenses incurred by Plaintiff for the following: computer assisted legal research ($2,288.01), facsimile charges ($13.25), Federal Express delivery services ($50.43), long distance telephone charges ($52.74), courier services ($ 5.00), mileage for attorney travel ($74.32), and meals ($59.39). The total amount is $2,543.14. As this sum is awarded as part of the attorney's fee award, it will be reduced 25% to adjust for the claims on which Plaintiff was unsuccessful. Accordingly, the additional amount of attorney's fees to be awarded shall be $1,907.36.

The total amount of attorney's fees awarded to Plaintiff in this case is $57,585.52.

**C. Amount of Costs**

The remaining litigation expenses incurred in this action are recoverable, if at all, as costs pursuant to 28 U.S.C. § 1920. Costs are taxable only if they are specifically authorized by statute. *See, e.g., U.S. EEOC v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). As previously noted, Plaintiff bases her request for these costs on 29 U.S.C. § 1132(g). Under 29 U.S.C. § 1132(g), "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party" in an action, other than one brought under § 1132(a)(2), brought by a participant, beneficiary, or fiduciary. The term "costs of action" is not defined by the statute. Courts interpreting this phrase have held that it denotes the same items of costs available under 28 U.S.C. § 1920. *See, e.g., Agredano v. Mutual of Omaha Cos.,* 75 F.3d 541, 544 (9th Cir. 1996) ("We therefore hold that [Employment Retirement Income Security Act 29 U.S.C. § 1132's] allowance for 'costs of action' empowers courts to award only the types of 'costs' allowed by 28 U.S.C. § 1920"); *Anderson v. Unum Life Ins. Co. of Am.*, No. 2:01cv894-ID, 2007 WL 604728 at *15 (M.D. Ala. Feb. 22, 2007); *Cline v. Home Quality Mgmt., Inc.,* No. 01-9016-CIV-MOORE, 2005 WL 1972539 at *5 (S.D. Fla. July 26, 2005) ("[c]osts allowed under ERISA are the same costs that are permitted under 28 U.S.C. § 1920"); *Hoover v. Bank of Am. Corp.*, No. 8:02CV478T23TBM, 2005 WL 1074290 at *5 (M.D. Fla. Mar. 16, 2005) (same); *O'Bryhim v. Reliance Standard Life Ins. Co.*, 997 F. Supp. 728, 737 (E.D. Va. 1998) (same).

Section 1920 provides that

> [a] judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

As previously explained, Plaintiff seeks to recover a variety of different types of litigation expenses, some of which have been awarded as part of the reasonable attorney's fee in this case. The remaining items are awarded as costs pursuant to 28 U.S.C. § 1920. For example, 28 U.S.C. § 1920(5) authorizes this Court to tax the filing fee paid to the Clerk of the Court to docket this case as costs. Consequently, Plaintiff may recover $150.00 for the filing fee she paid to initiate this action. Additionally, the items of costs which may properly be awarded pursuant to § 1920 also include "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Depositions are included in the phrase "stenographic transcript." *See, e.g., United States v. Kolesar,* 313 F.2d 835, 837-38 (5th Cir. 1963); *Blevins v. Heilig-Meyers Corp.,* 184 F.R.D.

15

663, 666 (M.D. Ala. 1999). If the depositions appeared reasonably necessary at the time they were taken, then they were necessarily obtained for use in the action. *Id.* Consequently, Plaintiff may recover $1,014.95 in expenses related to deposition transcripts.[11] Pursuant to § 1920(1), fees paid to private process servers may be taxed as costs. *See, e.g., U.S. EEOC v. W & O, Inc.*, 213 F.3d at 624. Moreover, § 1920(3) makes witnesses fees recoverable as costs. Accordingly, Plaintiff may recover the expense relating to service of subpoenas on third parties and the Plaintiff incurred in order to obtain responses to those subpoenas from the third parties. This is especially appropriate in this case given that Defendants were unwilling or unable to produce the records themselves. By this Court's calculations, these costs amount to $789.00. Finally, a court may grant an application for costs for photocopies and record reproduction so long as the copies were necessarily obtained for use in the case. 28 U.S.C. § 1920(4). The costs for photocopies and record reproduction in this case was $1,296.88. Thus, the total amount due to be awarded as costs is $3,250.83.[12]

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Plaintiff's Petition for Award

---

[11] The Court notes that at least one of the deposition transcripts was used many times at trial to impeach Dr. Teitel's testimony.

[12] In the alternative, the Court finds that this sum could also have been recovered as part of the attorney's fees awarded without regard to whether the copies were necessarily obtained for use in the case because it has been established that billing clients for photocopies is customary.

of Attorney's Fee (Doc. # 94) is GRANTED in part and DENIED in part.[13]  As part of the judgment in this case Plaintiff is awarded $57,585.52 in attorney's fees and $3,250.83 in costs.

DONE this the 11th day of September, 2007.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

---

[13]  Plaintiff's petition is GRANTED to the extent that it seeks an award of attorney's fees and costs, but it is DENIED to the extent that it seeks a larger amount than awarded.